IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**SHERMAN B. WILLIAMS,**

       **Plaintiff,**

v.                                                                                             Civil Action No. 1:17cv209
                                                                                         (Judge Kleeh)

**STATE OF WEST VIRGINIA; GRAY
SILVERS, III, Judge; PAMELA
GAMES NEELEY, Prosecuting Attorney;
CHERYL K. SAVILLE, Assistant Prosecuting
Attorney; CATIE WILKES DELLIGATTI,
Prosecuting Attorney; JOHN LEHMAN,
Prosecuting Attorney; and JAMES W. ADKINS,
Prosecuting Attorney,**

       **Defendants.**

## REPORT AND RECOMMENDATION

On December 7, 2017, the *pro se* Plaintiff, a state inmate then-incarcerated at the Eastern Regional Jail ("ERJ") in Martinsburg, West Virginia,[1] initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. §1983. With his complaint, he filed a motion to proceed as a pauper, a Consent to Collection of Fees from Trust Account, and a copy of a Prisoner Trust Account Report ("PTAR"), without attaching a copy of the Ledger Sheets to that account.  ECF Nos. 2, 3, 4. The Clerk of Court issued a Notice of Deficient Pleading on December 8, 2017. ECF No. 5.  By Order entered December 11, 2017, the Clerk was directed to send Plaintiff another PTAR, Plaintiff was directed to have the PTAR filled out by the proper employee at the jail and return it with the attached Ledger Sheets. ECF No. 7. On December 19, 2017, without explanation,

---

[1] Plaintiff is presently incarcerated at the Potomac Highlands Regional Jail in Augusta, West Virginia. See ECF No. 24.

Plaintiff filed a copy of an Order of Possession/Removal: Wrongful Occupation of Residential Rental Property from the Magistrate Court of Berkeley County, along with a copy of the Ledger Sheets to his trust account. ECF Nos. 11, 12. By Order entered December 20, 2017, the Plaintiff was granted permission to proceed as a pauper and directed to pay an initial partial filing fee. ECF No. 14. On December 27, 2017, Plaintiff filed another copy of his Consent to Collection of Fees from Trust Account and the PTAR with Ledger Sheets. ECF Nos. 15, 16. On January 3, 2018, Petitioner paid the full filing fee. ECF No. 18. On April 30, 2018, Plaintiff filed a sworn affidavit regarding certain facts of his case, and a motion for appointed counsel. ECF Nos. 19, 20. By separate Orders entered May 1, 2018, Plaintiff's motion for appointed counsel was denied and the Clerk was directed to redocket the sworn affidavit as an attachment to Plaintiff's complaint. ECF Nos. 21, 22.

By Miscellaneous Case Order entered on December 1, 2018, this case was reassigned from United States District Judge Irene M. Keeley to United States District Judge Thomas S. Kleeh.

On December 17, 2018, Plaintiff filed a document regarding the reassignment of his case and another describing how his case "came about." ECF Nos. 26, 27.

This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

## I. Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## II. The Complaint

It is apparent from the record provided by the Plaintiff that on December 4, 1997, he signed a plea agreement, pleading guilty to one count of Kidnapping, second degree, in the Superior Court of the State of Delaware, Sussex County. ECF No. 1-4.

In his complaint, Plaintiff alleges that the above-named Defendants all participated in falsely and unlawfully convicting and sentencing him for kidnapping, either in the first and second degree, arising out of an incident on July 1, 1997. ECF No. 1 at 7. Plaintiff avers that as a result of this charge, of which he is innocent, his honor and reputation have been damaged; his family has been separated; he has lost "a lot of respect for the legal system because of their lies and prejudice;" has incurred financial damage and burden, and experienced homelessness. ECF No. 1 at 9, 10. Plaintiff appears to allege that he was deliberately deceived and tricked into signing the plea agreement pleading guilty to "kidnap 1st degree [sic]." Id. at 14. Plaintiff further alleges that

---

[1] Id. at 327.

subsequently, on or about December, 2012, he was arrested for failure to register as a sex offender arising out of the Kidnapping in the 2nd degree conviction. Id. at 26.

In purported support of these claims, Plaintiff attaches a copy of a 15-page typewritten sworn "Incident Report," apparently authored by him, providing his version of the events of the kidnapping incident. ECF No. 1-1. He also attaches a copy of a Case History from the Circuit Court of Wicomico County in Salisbury Maryland, on a charge of failure to register as a sex offender. ECF No. 1-2. He also attaches a copy of an August 11, 1997 Indictment from the Superior Court of the State of Delaware, charging him with kidnapping in the 2nd degree [ECF No. 1-3]; a copy of a December 4, 1997 Plea agreement in which he pled guilty to kidnapping 2nd degree [ECF No. 1-4]; a copy of a December 4, 1997 Sentence Order from the Superior Court of the State of Delaware, imposing a 6-year sentence for the conviction of kidnapping 2nd degree, including credit for time served. ECF No. 1-5.

He also attaches a copy of a June 4, 1999 Order from the Superior Court of the State of Delaware, titled "Violation of Probation," revoking his probation on the kidnapping charge and placing him in the custody of the Department of Corrections ("DOC") for a period of four years and ten months, including credit for time served. ECF No. 1-6. There is also a copy of a September 7, 2012 letter to Plaintiff from T. Henley Graves of the Superior Court of the State of Delaware, advising that Plaintiff's request was unclear, and noting that "starting in 2011, you began writing requesting dockets, transcripts, copies of the file, etc." and that because the case was closed, the Court would not continue to respond to his repetitive correspondence [ECF No. 1-9]; a copy of an August 9, 2013 letter to Plaintiff from T. Henley Graves of the Superior Court of the State of Delaware, denying Plaintiff's request for copies of transcripts and his motion to proceed as a pauper, ECF No. 1-10. There is a copy of a September 19, 2013 letter to Plaintiff from Bruce H.

Haase, Public Services Manager at the Delaware Public Archives, advising Plaintiff that his request for the case records, transcrips and proceedings of his prior criminal case are under the legal custody of that court and can only be responded to by that court [ECF No. 1-11]; a copy of a February 28, 2014 letter to Plaintiff from T. Henley Graves at the Superior Court of the State of Delaware, noting that Plaintiff's criminal case had been closed since November 3, 2006, sent to archives, advising that there were no appeals or postconviction motions pending; and giving Plaintiff instructions on how to get copies of pleadings or other documents. ECF No. 1-12.

There is also a copy of a September 13, 2016 letter from T. Henley Graves at the Superior Court of the State of Delaware to Andre M.C. Henderson, Esquire, in response to Henderson's August 24, 2016 letter requesting transcripts of Plaintiff's criminal case, advising that no free transcript would be provided; that Plaintiff was out of time to file a postconviction motion; there were no transcripts available because the conviction was based on a guilty plea and because there was no appeal, no transcripts had been prepared; and that "because the case is so old and it has been closed out there can be no jurisdiction . . . to revisit a conviction when the defendant has served his sentence." ECF No. 1-13.

Plaintiff also attaches a document titled "Criminal Complaint for Sherman B. Williams," detailing the facts regarding Plaintiff's failure to register as a sex offender in early 2016. ECF No. 1-14. There is also a Report of Criminal Investigation" by Corporal R.D. Eshbaugh of the West Virginia State Police, noting that Plaintiff was arrested on May 4, 2016. ECF No. 1-15. Finally there is a copy of a April 113, 2016 Warrant for Arrest issued by the Magistrate Court of Berkeley County, West Virginia, noting probable cause to arrest Plaintiff for failure to register [ECF No. 1-16] and a copy of a newspaper article noting that Plaintiff had been convicted of felony failure to

update sex offender registry second offense, and was facing a potential penalty of not less than 10 years nor more than 25 years; sentencing was scheduled for January 18, 2018. ECF No. 1-17.

As relief, Plaintiff seeks to have his due process rights under the Fourth and Fifth Amendments protected and a directive from this Court that "these abuses of the colorable authority by the Plaintiff [sic] as it pertain[s] to this Petitioner [sic]" be stopped. Id. at 28.  Further, he demands that this Court and the state court view him as a "proper person," and not as any other "slave title." Id. Further, he seeks to have his name removed from the sex offender registry [id. at 30] and he requests specific compensatory and punitive damages in various amounts against each of the defendants in their official and private capacity, "payable in lawful money." Id. at 9, 30 – 31.

### III. Analysis

This case should be dismissed as frivolous because plaintiff has no chance of success.  In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted).

Here, the Plaintiff challenges convictions and sentences and seeks monetary damages for the same.  However, the Plaintiff has made no showing that the finding of guilt has been reversed on direct appeal; expunged by executive order; declared invalid by a tribunal authorized to make such a determination; or called into question by a federal court's issuance of a writ of habeas corpus.  To the contrary; it appears from the record Plaintiff attached to his complaint that the

Plaintiff never appealed the convictions or filed any post-conviction motions challenging them. Therefore, the Plaintiff is not entitled to seek monetary damages against the Defendants.

## IV. Recommendation

In consideration of the foregoing, it is recommended that the Plaintiff's complaint [ECF No. 1] be **DISMISSED with prejudice as frivolous**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(a) and (b).

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made.  Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections shall also be submitted to the United States District Judge.  **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: December 20, 2018

                                                       /s/ *Michael John Aloi*

                                                MICHAEL JOHN ALOI
                                                UNITED STATES MAGISTRATE JUDGE