```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**SHERMAN BANARD WILLIAMS,**

        **Plaintiff,**

   v.                                   Civ. Action No. 1:17-CV-209
                                                   (Judge Kleeh)

**STATE OF WEST VIRGINIA, GRAY
SILERS, III, Judge, PAMELA GAMES
NEELEY, Prosecuting Attorney,
CHERYL K. SAVILLE, Assistant
Prosecuting Attorney, CATIE WILKES
DELLIGATTI, Prosecuting Attorney,
JOHN LEHMAN, Prosecuting Attorney,
And JAMES W. ADKINS, Prosecuting
Attorney,**

        **Defendants.**

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION [DKT. NO.
28], OVERRULING OBJECTION TO AND CONTINUATION OF OBJECTION FOR
REPORT AND RECOMMENDATION [DKT. NOS. 30, 33], AND
<u>DISMISSING COMPLAINT [DKT. NO. 1]</u>**

    **I.   Introduction and Procedural History**

On December 7, 2017, the <u>pro se</u> Plaintiff, Sherman B. Williams ("Williams" or "Plaintiff"), a state inmate then incarcerated at the Eastern Regional Jail ("ERJ") in Martinsburg, West Virginia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983[1] [Dkt. No. 1]. Plaintiff also filed a motion to proceed as a pauper, a Consent to Collection of Fees from Trust Account, and a copy of a

---

[1] Plaintiff is presently incarcerated at the Mount Olive Correctional Complex in West Virginia.

Prisoner Trust Account Report ("PTAR"), without attaching a copy of the Ledger Sheets to that account [Dkt. Nos. 2, 3, 4]. A deficiency notice was issued by the Clerk of Court [Dkt. No. 5], and an Order was entered on December 11, 2017 [Dkt. No. 7], directing the Clerk of Court to send Plaintiff another PTAR and directing Plaintiff to have the PTAR completed by the proper employee at the jail and return it with the attached Ledger Sheets.

On December 19, 2017, Plaintiff filed a copy of an Order of Possession/Removal: Wrongful Occupation of Residential Rental Property from the Magistrate Court of Berkeley County, along with a copy of the Ledger Sheets to his trust account [Dkt. Nos. 11, 12]. An Order was entered on December 20, 2017, granting Plaintiff permission to proceed as a pauper and directed to pay an initial partial filing fee [Dkt. No. 14]. On December 27, 2017, Plaintiff filed a copy of his Consent to Collection of Fees from Trust Account and the PTAR with Ledger Sheets [Dkt. Nos. 15, 16]. Plaintiff paid the full filing fee on January 3, 2018 [Dkt. No. 18]. Plaintiff also filed a sworn affidavit regarding certain facts of his case, and a motion for appointed counsel [Dkt. Nos. 19, 20. By Orders entered on May 1, 2018, Plaintiff's motion for appointed counsel was denied and the Clerk was directed to redocket the sworn affidavit as an attachment to Plaintiff's Complaint [Dkt. Nos. 21, 22].

The case was before the United States Magistrate Judge for a preliminary review and report and recommendation ("R&R"), pursuant to LR PL P 2. The magistrate judge issued a R&R on December 20, 2018 [Dkt. No. 28] recommending that the case be dismissed with prejudice as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(a) and (b).

In the R&R, Magistrate Judge Aloi informed the Plaintiff of his right to file specific written objections within fourteen (14) days of being served with the R&R [Dkt. No. 28 at 7]. The objections were to identify "each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection" [Id.]. Plaintiff received the R&R sometime before January 2, 2019 [Dkt. No. 29], filed an Objection on January 8, 2019 [Dkt. No. 30], and a document titled Continuation for Report and Recommendation [Dkt. No. 33].

Plaintiff's filings objecting to the R&R are non-specific and fail to address the magistrate judge's findings in the R&R. In the filings, Plaintiff addresses his pauper status, denies having committed any crimes, which denial is squarely contradicted by his convictions in Delaware and West Virginia, and claims to have been "tricked" into his plea agreement in Delaware which led to his kidnapping conviction and to have been blackmailed by a corrupt magistrate judge and prosecuting attorneys [Dkt. No. 30]. Plaintiff also addresses when a plea agreement should be vacated

and he contends to have been the victim of double jeopardy in his Delaware prosecution in 1997 [Dkt. No. 30]. Plaintiff's "Continuation" filing [Dkt. No. 33] reiterates his previous claims. However, Plaintiff does not address the magistrate judge's finding that his case has no merit or chance of success, or that he failed to appeal his Delaware conviction. While Plaintiff appealed his Berkeley, County, West Virginia January 18, 2018, sentencing order, after having been convicted by a jury on October 31, 2017, of felony failure to update sex offender registry, second offense, that conviction was upheld by the West Virginia Supreme Court of Appeals.[2]  See State v. Williams, No. 18-0095 (W.Va. Feb. 15, 2019)(memorandum decision).

## II.  Standard of Review

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt,

---

[2] The February 15, 2019, memorandum decision of the West Virginia Supreme Court of Appeals contradicts Plaintiff's claims and finds that "the Delaware sentencing order required" Plaintiff "to register as a sex offender". Williams, No. 18-0095 at 3. Plaintiff argued that because he signed a plea agreement in Delaware, he was never proven guilty of the offense of kidnapping. Id. The decision further notes that Plaintiff failed to register as a sex offender in West Virginia as required by West Virginia Code § 15-12-8(c), and that at trial Plaintiff did not contest his West Virginia residency or that he was previously convicted of failure to register as a sex offender in West Virginia in 2012. Id. Accordingly, the Court found no error with the circuit court's denial of a new trial. Id. at 4.

without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

Timely, specific objections are necessary to focus the court's attention on disputed issues. Thomas v. Arn, 474 U.S. 140, 148 (1985). General objections to a magistrate judge's report and recommendation are tantamount to a failure to object because they do not direct the court's attention to any specific portions of the report. Howard v. Secretary of Health & Human Servs. 932 F.2d 505, 529 (6th Cir. 1991); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is not required where objections are general and conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or

5

recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection.").

As previously noted, Plaintiff filed an objection to the Report and Recommendation. The Court conducts a de novo review only as to the portions of the R&R to which Plaintiff specifically objected in writing. The remaining portions of the R&R to which the Plaintiff has not objected or only generally objected without specificity have been reviewed for clear error.

### III. Discussion

Plaintiff's objections to the R&R is general in nature, conclusory, and fails to address the findings by the magistrate judge. They do not identify portions of the R&R to which objection is made and the basis for the objection. Plaintiff's filings are both rambling and confusing in their assertions, particularly given his failure to challenge the Delaware conviction and unsuccessful appeal of his latest West Virginia conviction. The Court finds that the Magistrate Judge properly analyzed the law governing Plaintiff's civil rights claim and applied the law to the facts as alleged in the pleadings. Plaintiff's convictions have not been reversed on direct appeal, expunged by executive order, declared invalid, or otherwise called into question by a federal court's issuance of a writ of habeas corpus [Dkt. No. 28 at 6]. His most recent conviction was upheld in February 2019.

Plaintiff's Complaint cannot be sustained because it is without merit in law or in fact. See 28 U.S.C. § 1915A(b).

### IV. Conclusion

The Court is of the opinion that the Magistrate Judge's Report and Recommendation [Dkt. No. 28] accurately reflects the law applicable to the facts and circumstances before the Court. Accordingly, it is

**ORDERED** that the Report and Recommendation [Dkt. No. 28] be **AFFIRMED** and **ADOPTED** in its entirety;

**ORDERED** that the Complaint [Dkt. Not. 1] be **DISMISSED WITH PREJUDICE** as to all Defendants; and

**ORDERED** that Plaintiff's Objection to the Report and Recommendation [Dkt. No. 30] and Continuation Objection [Dkt. No. 33] be **OVERRULED**.

The Court further **DIRECTS** the Clerk to enter judgment in favor of Defendants and to **STRIKE** this matter from the Court's active docket.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to the pro se Plaintiff, by certified mail, return receipt requested.

**DATED:** March 26, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE