IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**SHERMAN BANARD WILLIAMS,**

      **Plaintiff,**

v.                                                        Civil Action No. 1:17-CV-209
                                                                    (JUDGE KLEEH)

**THE STATE OF WEST VIRGINIA;
GRAY SILVERS, III; PAMELA
GAMES NEELY; CHERYL K. SAVILLE;
CATIE WILKES DELLIGATTI; JOHN
LEHMAN; AND JAMES W. ADKINS,**

      **Defendants.**

## REPORT AND RECOMMENDATION RECOMMENDING
## PLAINTIFF'S MOTION TO EXPUNGE RECORDS [ECF No. 41] BE DENIED
## AND PLAINTIFF'S OBJECTION AND RESPONSE THEREIN BE OVERRULED

On May 3, 2021, *pro se* Plaintiff Sherman B. Williams ("Plaintiff") filed a Motion,[1] [ECF No. 41], requesting that "this case be expunged . . . after being compensated for all damages . . . as the law allows and permit[s,]" and for compensation for "excessive punishment, and defamation of . . . character[.]" Thereafter, by Order, [ECF No. 42], the Honorable Thomas S. Kleeh, United States District Judge, referred Plaintiff's motion to the undersigned U.S. Magistrate Judge to consider the record and enter a Report and Recommendation as to the appropriate disposition of the motion.

Upon consideration, for the reasons stated herein, the undersigned now **RECOMMENDS** that Plaintiff's Motion to Expunge Record, [ECF No. 41], be **DENIED**, and Plaintiff's Objections

---

[1] While the filing, [ECF No. 41], refers to "this case" and requests expungement of records, the Court, based on the other information therein, has construed Plaintiff's filing as a Motion for Expungement of his criminal records in his Delaware and West Virginia. Furthermore, based upon the titled and content, the Court construed the filing, [ECF No. 41], as an objection to the prior Report and Recommendation, [ECF No. 28], and response to the Order Adopting and Affirming the Report and Recommendation, [ECF No. 38].

to the Report and Recommendation and Response to the Order found therein, [ECF No. 41], be **OVERRULED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2017, the *pro se* Plaintiff Sherman B. Williams, a state inmate then-incarcerated at the Eastern Regional Jail ("ERJ") in Martinsburg, West Virginia,[2] initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. §1983.

By Miscellaneous Case Order entered on December 1, 2018, this case was reassigned from United States District Judge Irene M. Keeley to United States District Judge Thomas S. Kleeh. [ECF No. 25].

On December 17, 2018, Plaintiff filed a document regarding the reassignment of his case and another describing how his case "came about." [ECF Nos. 26, 27].

On December 20, 2018, the undersigned performed a preliminary review and entered a Report and Recommendation, pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, LR PL P 2, recommending that Plaintiff's Complaint, [ECF No. 1], be dismissed with prejudice as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(a) and (b). [ECF No. 28].

Specifically, the undersigned noted that Plaintiff challenged his convictions and sentences and sought monetary damages for the same, but Plaintiff had "made no showing that the finding of guilt has been reversed on direct appeal; expunged by executive order; declared invalid by a tribunal authorized to make such a determination; or called into question by a federal court's issuance of a writ of habeas corpus." [ECF No. 28 at 6]. Accordingly, the undersigned concluded in his Report that Plaintiff was not entitled to seek monetary damages against the Defendants. [Id.].

---

[2] Plaintiff is presently incarcerated at Huttonsville Correctional Center in Huttonsville, West Virginia.

Thereafter, Plaintiff objected to the Report and Recommendation, [ECF Nos. 30, 33]. In his filings, Plaintiff addressed his pauper status, denied having committed any crimes (the denial of which is squarely contradicted by his convictions in Delaware and West Virginia), and claimed to have been "tricked" into his plea agreement in Delaware which led to his kidnapping conviction and to have been blackmailed by a corrupt magistrate judge and prosecuting attorneys. [ECF No. 30]. Plaintiff further addressed when a plea agreement should be vacated and contended to be the victim of double jeopardy prosecution in Delaware in 1997. [Id.]

Plaintiff, in his second "Continuation" objection, reiterated his claims but did not address the Report and Recommendation findings that his case had no merits or chance of success, or that he failed to appeal his Delaware conviction. [ECF No. 33].[3]

On March 26, 2021, the Court entered an Order, [ECF No. 38], adopting and affirming the Report and Recommendation in its entirety, ordering that the Complaint be dismissed with prejudice as to all Defendants, and ordering that Plaintiff's Objection to the Report and Recommendation and Continuation Objection be overruled. The Court further directed that judgment be entered in favor of the Defendants and that this matter be stricken from the Court's active docket. [Id. See also ECF No. 39].

---

[3] As previously noted by the Court, [ECF No. 38 at 4], while Plaintiff appealed his Berkeley County, West Virginia January 18, 2018 sentencing order, after having been convicted by a jury on October 31, 2017, of felony failure to update sex offender registry, second offense, that conviction was upheld by the West Virginia Supreme Court of Appeals. See State v. Williams, No. 18-0095 (W.Va. Feb. 15, 2019) (memorandum decision). This Court noted:

> [t]he February 15, 2019, memorandum decision of the West Virginia Supreme Court of Appeals contradicts Plaintiff's claims and finds that "the Delaware sentencing order required" Plaintiff "to register as a sex offender". Williams, No. 18-0095 at 3. Plaintiff argued that because he signed a plea agreement in Delaware, he was never proven guilty of the offense of kidnapping. Id. The decision further notes that Plaintiff failed to register as a sex offender in West Virginia as required by West Virginia Code § 15-12-8(c), and that at trial Plaintiff did not contest his West Virginia residency or that he was previously convicted of failure to register as a sex offender in West Virginia in 2012. Id. Accordingly, the Court found no error with the circuit court's denial of a new trial. Id. at 4.

[ECF No. 38 at n.2].

Thereafter, on May 3, 2021, Plaintiff filed the at-issue Motion, [ECF No. 41], and the Honorable Thomas S. Kleeh, United States District Judge, by Order, [ECF No. 41], referred said Motion to the undersigned as articulated above.

## II.     ANALYSIS

1. <u>Motion for Expungement of Records</u>

No statute, regulation, caselaw, or other provision authorizes this Court to order expungement of records pertaining to Plaintiff as requested. The law among the circuits indicates that a federal court has only very limited discretionary power to order the expungement of records and that the authority to do so is a narrow one which is reserved for the most unusual or exceptional cases. *See* <u>United States v. Noonan</u>, 906 F.2d 952, 956 (3rd Cir. 1990); <u>United States v. Doe</u>, 556 F.2d 391, 393 (6th Cir. 1977); <u>United States v. Linn</u>, 513 F.2d 925, 927 (10th Cir. 1975); *see also* <u>Sealed Appellant v. Sealed Appellee</u>, 130 F.3d 695, 697 (5th Cir.1997); <u>United States v. Smith</u>, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); and <u>Geary v. United States</u>, 901 F.2d 670, 679-80 (8th Cir. 1990). The Fourth Circuit has specifically held that expungement is only appropriate in "extreme or exceptional circumstances." *See, e.g.*, <u>United States v. Salleh</u>, 863 F.Supp. 283, 283–84 (E.D.Va.1994) (quoting <u>Coles v. Levine</u>, 561 F.Supp. 146, 153 (D.Md.1983), *aff'd*, 725 F.2d 674 (4th Cir.1984) ("[C]ourts ... have inherent equitable power to order the expungement of criminal records [,] ... [but] such power is of 'exceedingly narrow scope.'"); <u>Allen v. Webster</u>, 742 F.2d 153, 155 (4th Cir. 1984); <u>Woodall v. Pettibone</u>, 465 F.2d 49, 52 (4th Cir. 1972).

Additionally, and importantly, in two recent unpublished decisions, the Fourth Circuit has indicated that federal courts cannot invoke ancillary jurisdiction to expunge judicial records in criminal cases. See <u>United States v. Mettetal</u>, 714 Fed.Appx. 230 (2017) ("[The p]etition for equitable expungement of . . . criminal records does not implicate . . . the exercise of ancillary

4

jurisdiction, and we join the unified front of circuit authority in rejecting [t]his claim[.]"); United States v. Happel, 770 Fed.Appx. 147 (2019) ("[F]ederal ancillary jurisdiction does not extend to petitions for equitable expungement.")

Again, the general rule is "records of valid arrests, indictments, or convictions ordinarily may not be expunged." Kwiatecki v. United States, No. CV JKB-16-1360, 2016 WL 2770518, at *1 (D. Md. May 12, 2016) (citing United States v. Schnitzer, 567 F.2d 536, 540 (2d Cir. 1977)). See also United States v. Banks, No. 2:90-CR-38, 2022 WL 412933, at *1 (N.D.W. Va. Feb. 10, 2022) (Kleeh, J.) (adopting report and recommendation which found this Court had no ancillary jurisdiction to grant expungement motion and further found no exceptional circumstances).

Here, Plaintiff Williams asks that "this case [be] expunged," citing frustrations with "having [his] name degraded in the local news papers and community[,]" "defamation of [his] character spoken and written against [him,]" and having his past used negatively against him to "unlawfully convict [him] for a crime [he] did not commit[.]" [ECF No 41 at 6].

As articulated in the Court's prior orders, Plaintiff failed to appeal his Delaware conviction and his conviction in this state was upheld by the West Virginia Supreme Court of Appeals.[4] Even if this Court had federal ancillary jurisdiction to do so, which it likely does not, Plaintiff has not plead extreme or exceptional circumstances justifying expungement of his criminal records.

While the undersigned is sympathetic to Plaintiff William's request and appreciates the difficult collateral consequences of felony convictions, Plaintiff has not established equitable grounds to expunge court records regarding his convictions or in this civil matter. "Indeed, where, as here, a conviction is constitutionally valid and upheld, it is difficult to imagine circumstances warranting expungement." United States v. Masciandaro, 648 F. Supp. 2d 779, 794 (E.D. Va.

---

[4] *See supra*, n. 2.

2009), *aff'd on other grounds*, 638 F.3d 458 (4th Cir. 2011). Moreover, it appears there is no jurisdiction to grant Plaintiff's request. This is especially true where Plaintiff's § 1983 Complaint has been dismissed with prejudice as frivolous as to all Defendants and this matter has been stricken from the Court's active docket.

Even construing the *pro se* motion most liberally and generously, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), there is no jurisdiction to grant Plaintiff's motion and, further, the undersigned finds the Plaintiff has not articulated any exceptional circumstances which may merit expungement.

2. Objection to Report and Recommendation and Response to Order

In the Report and Recommendation, filed on December 20, 2018, the undersigned informed the Plaintiff of his right to file specific written objections within fourteen (14) days of being served with the Report and Recommendation. [ECF No. 28 at 7]. The objections were to identify "each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection" [Id.]. Plaintiff received the R&R sometime before January 2, 2019 [ECF No. 29], filed an Objection on January 8, 2019 [ECF No. 30], and later filed a document titled "Continuation for Report and Recommendation," [ECF No. 33].

The Court entered its Order, [ECF No. 38], on March 26, 2021, adopting and affirming the Report and Recommendation in its entirety, ordering that the Complaint be dismissed with prejudice as to all Defendants, and ordering that Plaintiff's Objection to the Report and Recommendation and Continuation Objection be overruled.

As articulated in Rule 29 of the Local Rules of Prisoner Litigation Procedure, "[t]o appeal an adverse decision in a civil action against an individual defendant (or defendants) a prisoner

must file a Notice of Appeal in the District Court within thirty (30) calendar days from the date of the adverse ruling." LR PL P 29.

To the extent that Plaintiff's most recent filing, [ECF No. 41], is an Objection to the prior Report and Recommendation [ECF No. 28], which has subsequently been ruled upon by Order, [ECF No. 38], the undersigned **FINDS** it is wholly outside the timeline for objections and **RECOMMENDS** the Objection should be disregarded and **OVERRULED**. Similarly, to the extent that Plaintiff's most recent filing is a Response or attempt to appeal this Court's prior Order Adopting the Report and Recommendation, the undersigned **FINDS** it is untimely and **RECOMMENDS** the Response should be **OVERRULED,** such that this matter be closed and stricken from the Court's active docket.

### III.    RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that this Court lacks ancillary jurisdiction to grant Plaintiff's motion, especially where judgment has been entered dismissing Plaintiff's § 1983 claims as to all Defendants. The undersigned further **FINDS** that Plaintiff has not established exceptional circumstances to merit expungement as requested. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Motion for Expungement [ECF No. 41], should be **DENIED**. Furthermore, the undersigned respectfully **RECOMMENDS** Plaintiff's Objections to Report and Recommendation and Response to Order found therein, [ECF No. 41], be **OVERRULED**.

Any party shall have **fourteen days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the

United States District Judge. Objections shall not exceed **ten (10) typewritten pages or twenty (20) handwritten pages**, **including exhibits**, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: February 25, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE